## COLE et al. v. INDUSTRIAL SAV. SOC.

No. 8617—Opinion Filed April 9, 1918.

Rehearing Denied May 7, 1918.

(172 Pac. 451.)

(Syllabus.)

**Building and Loan Associations—Mortgage Foreclosure—Evidence.**

Evidence examined, and held not sufficient to support the judgment rendered by the trial court.

Error from District Court, Logan County; A. H. Huston, Judge.

Action to foreclose a mortgage by the Industrial Savings Society, a corporation, against W. H. Cole and others. Judgment for plaintiff, and defendants bring error. Reversed and cause remanded, with directions to grant a new trial.

T. C. Whitely and O. R. Fegan, for plaintiffs in error.

Tibbetts & Green, for defendant in error.

KANE, J. This was an action to foreclose a mortgage, commenced by the defendant in error, plaintiff below, against the plaintiffs in error, defendants below.

The plaintiff purported to be a building and loan association which loaned money only to its members, and the mortgage was upon one of its forms. The defendants in the trial court pleaded usury, and alleged that there was no competitive bidding for the loan in question, and that by reason thereof the transaction between the plaintiff and the original mortgagee created only the relation of lender and borrower, and that upon this basis the present owners of the mortgaged premises had overpaid the plaintiff the amount justly due it. There were allegations by way of cross-petition that the contract was usurious, and that, instead of the defendants being indebted to the plaintiff, the plaintiff was indebted to the present owners of the mortgaged premises. The reply of the plaintiff was a general denial. Upon trial to the court the plaintiff, to establish the issues in its behalf, introduced in evidence a money bond in the sum of $2,500, which was deposited to secure the payment of the original mortgage and proved the assignment of the stock in said association issued to Cole, the original mortgagee, to his assignors, the present owners of the mortgaged premises, and also introduced the following itemized account which purports to be a correct statement of the present standing of the account between plaintiff and the present holder of the Cole stock:

### Exhibit E.

Cert. No. 1584. Date, Feb. 2, 1903. No. shares, 25. Loan No. 197. Amount, $1,250.00. Computed to Nov. 30, 1912. F. M. Collar, Guthrie, Okla. Original mortgagor, W. H. Cole. In Account with Industrial Savings Society of Detroit, Michigan.

Dr.

| | | |
|---|---|---|
| To amount of loan | $1,250.00 | |
| April 12 to Nov. 12, inclusive, payments in arrears | 125.04 | |
| Interest on deferred payments balance | 22.35 | |
| Insurance paid | 5.40 | |
| Extension of abstract | 4.70 | |
| Int. on insurance | 1.22 | |
| | | $1,408.71 |

Cr.

| | | |
|---|---|---|
| By amount paid on stock and included in above arrears | 737.50 | |
| Profits | 202.20 | |
| | | 939.70 |
| To repay Dec. 1, 1912 | $ 468.81 | |

In addition to this, counsel for plaintiff admitted that the defendants have made a total of 111 payments, amounting to $1,734.42, whereupon the defendants called several witnesses in support of the issues in their behalf. At the close of the evidence the court rendered judgment for the plaintiff against M. M. Meek, M. Collar, and Julia Collar in the sum of $468.81, together with an attorney's fee of $45, costs of suit, and accrued interest, and rendered decree foreclosing and ordering that said property be sold to satisfy said judgment, to reverse which this proceeding in error was commenced.

Counsel for plaintiffs in error in their brief present their grounds for reversal under numerously numbered propositions, all of which under our view of the case, may be summarized into one, to wit, that the decision of the court is not supported by, and is contrary to the evidence produced at said trial. This ground for reversal seems to us to be well taken. The trial court undoubtedly entered judgment in favor of the plaintiff for the amount due it, as shown by the foregoing itemized account which was introduced in evidence by the plaintiff, without objection. It will be observed that one of the credit items of this account shows the total payments on stock to be $737.50. The statement further shows that, computing the amount due upon this basis, the result would be as found by the court. But we are unable to harmonize this part of the itemized account with the subsequent admission of counsel for plaintiff, to the effect that the defendants have made a total of 111 payments, or in the total sum of $1,734.42. It seems to us that the trial court must have disregarded this admission in rendering judgment for the plaintiff. If the total amount due the plaintiff was $1,408.71, as shown by their statement, and the defendants, as counsel admit, had paid $1,734.42, it requires but a simple mathematical computation to show that, instead of the defendants being indebted to the plaintiff, the plaintiff was indebted to the defendants.

Counsel for plaintiffs in error in their brief present several computations based upon the various views which may be taken as to the nature of the contract between the parties for the purpose of showing that, if the admission of counsel as to the total number and amount of the payments is considered, the evidence shows the claim to be overpaid, whether the instrument involved is held to be purely a building and loan contract or merely a mortgage to secure the payment of a loan, and say that in view of this they are entitled to judgment over against the plaintiff upon their cross-peti-

tion. Ordinarily this would be true, but inasmuch as we are unable to gather from the record before us the view entertained by the trial court as to the nature of the contract, or the precise rate of interest allowable under such view, we are disposed to reverse the cause and remand it for a new trial, in order that these points may more clearly appear if the case comes before us again for decision.

For the reason stated, the judgment of the court below is therefore reversed and the cause remanded, with directions to grant a new trial.

All the Justices concur.